Michael W. Malter, Esq. (SBN 96533)
Julie H. Rome-Banks, Esq. (SBN 142364)
David B. Rao, Esq. (SBN 103147)
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
T: (408) 295-1700
F: (408) 295-1531
Email: michael@bindermalter.com
Email: Julie@bindermalter.com
Email: david@bindermalter.com

Attorney for Secured Creditor
Thomas P. Tuttle and Catherine M. Tuttle, Trustees of the
Tuttle 2000 Living Trust dated 11/22/00

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re:<br><br>ANN BATINOVICH,<br><br>Debtor. | Case No. 17-52709-SLJ<br><br>Chapter 13<br><br>Date: January 10, 2018<br>Time: 11:00 a.m.<br>Courtroom: 3099<br><br>R.S. No.: JHR-108 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY, FOR ADEQUATE PROTECTION, OR IN THE ALTERNATIVE FOR DISMISSAL OF BANKRUPTCY CASE**

## TABLE OF CONTENTS

I. FACTUAL BACKGROUND ................................................................................................ 4

II. LEGAL ARGUMENT ................................................................................................... 11

    A.    THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY FOR CAUSE INCLUDING LACK OF EQUITY. ................................... 11

    B.    ALTERNATIVELY, THE CASE SHOULD BE DISMISSED BECAUSE THE DEBTOR DOES NOT QUALIFY TO BE IN CHAPTER 13 ..................... 12

    C.    IN GRANTING RELIEF FROM STAY, THE COURT SHOULD WAIVE THE PROVISIONS OF FRBP 4001(a)(3) ............................................................ 14

III. CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

Statutes

11 U.S.C. §101(5)(A) .................................................................................................................. 13

11 U.S.C. §109(e) ............................................................................................................ 4, 12, 13, 14

11 U.S.C. §362 ............................................................................................................................ 4

11 U.S.C. §362(a) ....................................................................................................................... 4

11 U.S.C. §362(a)(2) .................................................................................................................. 11

11 U.S.C. §362(d)(1) ............................................................................................................. 4, 11

11 U.S.C. §541(a)(2). ................................................................................................................. 13

28 U.S.C. §157 ............................................................................................................................ 4

28 U.S.C. §1334 .......................................................................................................................... 4


Rules

Fed. R. Bankr. P. 4001(a)(3) ..................................................................................................... 15

The Motion of Secured Creditor Thomas P. Tuttle and Catherine M. Tuttle, Trustees of the Tuttle 2000 Living Trust dated 11/22/00 ("Movant"), respectfully represents:

1. This is a motion to obtain relief from the automatic stay provided by 11 U.S.C. §362(a) for cause pursuant to 11 U.S.C. §362(d)(1), including lack of adequate protection. Alternatively, the motion seeks dismissal of this bankruptcy case due to the Debtor's failure to qualify for relief under chapter 13 pursuant to 11 U.S.C. §109(e).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §362.

I. FACTUAL BACKGROUND

3. The Debtor Ann Batinovich ("Debtor") filed a chapter 13 petition on November 8, 2017. Said petition was filed as a skeleton filing without schedules or a statement of financial affairs and without a proposed chapter 13 plan; none of these required pleadings has been filed as of the date of the filing of this Motion. Said voluntary petition by the Debtor failed to include Movant as a creditor for purposes of receiving notice, nor did it include Movant's counsel of record who had previously appeared in two recently filed bankruptcy cases involving Debtor's husband, Victor Batinovich, case numbers 17-52027 and 17-52444 (the "First and Second Victor Batinovich Cases" respectively). Movant only became aware of this bankruptcy case by the Debtor out of an abundance of caution on the part of Movant's bankruptcy counsel who anticipated a possible bankruptcy filing by the Debtor following the events described below regarding the termination of the automatic stay in the Second Victor Batinovich Case. Therefore counsel for Movant was routinely checking the PACER electronic docket before Movant conducted its scheduled trustee's foreclosure sale scheduled for November 9, 2017 at 10:00 a.m. At approximately 8:40 a.m. on November 9, 2017, bankruptcy counsel for Movant discovered this bankruptcy case had been filed by searching for the name of the Debtor on PACER and as a result, instructed the foreclosing trustee to continue a foreclosure sale which would have otherwise occurred due to lack of notice of the bankruptcy case to Movant or to the foreclosing trustee under Movant's junior deed of trust described below.

4. By way of background, the Debtor together with her husband Victor Batinovich hold title to the real property located at 3085 Paseo Vista Avenue, San Martin, California ("Subject Property") as community property. Movant is informed and believes that the Subject Property is encumbered by the following voluntary and involuntary liens:

    A. There is a general lien for secured property taxes owed to the County of Santa Clara. According to the website maintained by the County of Santa Clara Department of Tax and Collections, the total amount of the secured real property taxes (identified as APN 825-29-039) due is $12,748.24. The first installment of taxes for the Subject Property in the amount of $6,374.12 became due on November 1, 2017 and became delinquent after December 11, 2017. A true and correct copy of the 2017-2018 secured real property tax bill for the Subject Property is attached as Exhibit "A" to the Declaration of Julie Rome-Banks and is incorporated herein by reference (the Banks Declaration").

    B. A first position deed of trust is held by Wells Fargo Bank, N.A. ("Wells Fargo"), in the original principal amount of $500,000.00 recorded on or about June 17, 2002. Wells Fargo has filed a proof of secured claim in this bankruptcy case which was assigned Claim No. 1 in the amount of $448,959.97. A true and correct copy of the Wells Fargo proof of claim is attached as Exhibit "B" to the Banks Declaration and is incorporated herein by reference. A notice of default was recorded on August 16, 2017 by Wells Fargo Bank, a true and correct copy of which is attached as Exhibit "C" to the Banks Declaration and is incorporated herein by reference.

    C. A second position deed of trust for a loan is serviced by Seterus Inc. on behalf of beneficiary Federal National Mortgage Association (as assignee), in the original principal amount of $333,700.00 recorded on or about March 24, 2004. According to the bankruptcy schedules filed under oath in the Second Victor Batinovich Case, the balance currently owed on this secured claim is approximately $65,445.00. A true and correct copy of the Schedules A/B and D filed in the Second Victor Batinovich Case are collectively attached as Exhibit "D" to the Banks Declaration and are incorporated herein

by reference. A notice of default was recorded on July 14, 2017 on behalf of the holder of the second deed of trust, a true and correct copy of which is attached as Exhibit "E" to the Banks Declaration and is incorporated herein by reference. Seterus has not filed a proof of claim in any of the bankruptcy cases as of the time of the filing of this Motion.

D. A third position deed of trust is held by Movant and was recorded on March 11, 2015. Said deed of trust secures a Note Secured by A Deed of Trust executed by both the Debtor and Victor Batinovich dated March 4, 2015 in the original principal amount of $800,000.00. Said note was for a period of 24 months and provides for monthly interest only payments of $6,666.67 for a period of 23 months with a final payment due on April 1, 2017 of $806,666.67. The Debtor and Victor Batinovich represented under penalty of perjury to Movant that the purpose of said loan was to finance the business enterprise known as i2a Technologies, a corporation of which Victor Batinovich is the sole shareholder, CEO and member of the board of directors. True and correct copies of the Note, Deed of Trust and Certificate of Business Purpose of Loan executed by the Debtor and Victor Batinovich are attached as Exhibits "A" through "C" respectively to the Declaration of Thomas Tuttle filed concurrently herewith and are incorporated herein by reference (the "Tuttle Declaration"). No payment was ever made on this obligation (pre- or post-petition), hence no payment history exists. The Note Secured by Deed of Trust became fully matured pre-petition. The total amount currently due and owing to Movant under said Note Secured by Deed of Trust and deed of trust as of the Petition Date and as of December 29, 2017 is set forth in detail below as $1,166,874.07 as of December 31, 2017.

E. A fourth position judgment lien is believed held by Wells Fargo Bank, N.A. As a material agreement to making said loan to the Debtor and Victor Batinovich, Movant also entered into a Subordination Agreement with Wells Fargo Bank, N.A. which was also recorded on March 11, 2015. The Subordination Agreement provided that the loan then being made by Movant (which became the third deed of trust) would be senior in priority to an Abstract of Judgment previously recorded on October 6, 2014 by Wells Fargo Bank

in the sum of $487,250.93 and subsequently amended by an Amended Abstract of Judgment recorded on December 15, 2014. A true and correct copy of the Subordination Agreement is attached as Exhibit "D" to the Tuttle Declaration and is incorporated herein by reference. A true and correct copy of the Abstract recorded on October 6, 2014 and Amended Abstract of Judgment recorded by Wells Fargo Bank on December 15, 2014 are attached collectively as Exhibit "E" to the Tuttle Declaration and are incorporated herein by reference. Movant is informed and believes that said Amended Abstract of Wells Fargo Bank remains a lien on title to the Subject Property.

     F.     A fifth position lien is held by the Internal Revenue Service based upon a Notice of Federal Tax Lien recorded on August 18, 2016 against the Ann Batinovich 1997 Alsop Revocable Trust, which Movant is informed and believes to be a claim against the Debtor and the Subject Property in the amount of $73,178.58. A true and correct copy of this IRS Notice of Federal Tax Lien is attached as Exhibit "F" to the Banks Declaration and is incorporated herein by reference.

     G.     A sixth position lien is held by the U.S. Department of Labor. A judgment was entered in the matter styled as *Edward Hugler, Acting Sec. U.S. Dept. of Labor v. i2a Technologies, Inc. and Victor Batinovich*, Northern District of California, Case #3:15-cv-04963-WHA, in the amount of $410,647.68 on September 9, 2016. An abstract of said judgment was thereafter recorded against the Subject Property on April 17, 2017. A true and correct copy of the Abstract of Judgment recorded by the Department of Labor is attached as Exhibit "F" to the Tuttle Declaration and is incorporated herein by reference. Movant is informed and believes that no amount of said judgment has been paid and interest has accrued at the federal judgment rate since entry and remains a lien against the Subject Property.

     H.     A seventh position lien is held by the State of California based upon a Notice of State Tax Lien recorded on April 20, 2017 against Victor Batinovich in the amount of $38,030.54. A true and correct copy of this State of California Notice of State

Tax Lien is attached as Exhibit "G" to the Banks Declaration and is incorporated herein by reference.

I. An eighth position lien is held by the State of California based upon a Notice of State Tax Lien recorded on October 4, 2017 against Ann Batinovich in the amount of $18,111.93. A true and correct copy of this State of California Notice of State Tax Lien is attached as Exhibit "H" to the Banks Declaration and is incorporated herein by reference.

5. The Debtor and Victor Batinovich defaulted by failing to pay any of the amounts required under the Note and Deed of Trust to Movant. A Notice of Default and Election to Sell Under Deed of Trust was recorded on April 5, 2017 in Santa Clara County by The Foreclosure Company, Inc, ("The Foreclosure Company") on behalf Movant as Trustee under the Deed of Trust. A true and correct copy of the Notice of Default is attached as Exhibit "G" to the Tuttle Declaration and is incorporated herein by reference. A true and correct of a Substitution of Trustee recorded on August 3, 2017 is attached as Exhibit "H" to the Tuttle Declaration and is incorporated herein by reference.

6. A Notice of Trustee's Sale was thereafter recorded on August 4, 2017 in Santa Clara County by The Foreclosure Company, a true and correct copy of which is attached as Exhibit "I" to the Tuttle Declaration and is incorporated herein by reference. A trustee's foreclosure sale was scheduled for August 24, 2017 at 10:00 a.m. However, before said trustee's sale could occur, Victor Batinovich filed his first bankruptcy case on August 23, 2017 under chapter 13 as case #17-52027-SLJ-13. Said first bankruptcy case was dismissed on September 21, 2017 due to the failure of Victor Batinovich to comply with an order of the Court for filing documents after an extension of time had been granted. A true and correct copy of the Order and Notice of Dismissal For Failure to Comply is attached as Exhibit "I" to the Banks Declaration and is incorporated herein by reference. The trustee's foreclosure sale was continued to October 6, 2017. However, the sale again could not take place because Victor Batinovich filed a second bankruptcy case, this time under chapter 11, on October 5, 2017 as case number 17-52444-SLJ-11, which is pending at this time. Victor Batinovich did not timely move to extend the automatic stay

in the Second Victor Batinovich Bankruptcy Case beyond the 30 days provided by 11 U.S.C. §362(c) and the automatic stay therefore terminated by statute on November 4, 2017. By order entered on November 7, 2017 in Adversary Proceeding #17-5088-SLJ, a copy of which is attached as Exhibit "J" to the Banks Declaration, the Bankruptcy Court denied Victor Batinovich's request for a preliminary injunction or other similar relief. The Foreclosure Company rescheduled the trustee's sale for November 9, 2017, but as described above could not proceed with the foreclosure sale due to the filing of this chapter 13 bankruptcy case on the morning of November 9, 2017 by Debtor Ann Batinovich. A motion to dismiss the Victor Batinovich bankruptcy case is scheduled to be heard on the same day as this Motion.

7. The Deed of Trust held by Movant contains a future advances clause. Movant received notification that the homeowners insurance policy which provides fire insurance protection for the Subject Property and under which Movant is an additional named insured as mandated by the Deed of Trust, was cancelled due to the lack of payment by the Debtor or Victor Batinovich. A true and correct copy of such notice advising of cancellation from Fire Insurance Exchange (aka Farmers Insurance), is attached as Exhibit "J" to the Tuttle Declaration and is incorporated herein by reference. The Subject Property is known to Movant to be situated in a wildfire zone and therefore presents a risk of loss of collateral to Movant if it is uninsured. Movant has therefore made a post-petition advance in the amount of $4,466.59 to obtain fire insurance on the Subject Property. A true and correct copy of the cancelled check used to make payment for this advance (with account number redacted) is attached to the Tuttle Declaration as Exhibit "K". A true and correct copy of the reinstatement notice from Fire Insurance Exchange is attached to the Tuttle Declaration as Exhibit "L". Pursuant to the terms of the Note Secured by Deed of Trust, Movant is entitled to an advance fee of 3% on such amounts that Movant advances. In addition, the Note Secured by Deed of Trust provides that said advance bears interest at the rate of 13% per annum.

8. The Debtor and Victor Batinovich have failed to make any of the payments required under the terms of the Note Secured by A Deed of Trust. The rate of interest under the Note Secured by Deed of Trust is 10% per annum, with a default rate of an additional 3%. A late charge of 10% is

due for any payment not received within 10 days of its due date. Due to a lack of any payments, Movant does not have a payment history to include as an exhibit to this Motion. There is now due and owing to Movant the following amounts:

| Date | Description | Amount Due to Movant |
|---|---|---|
| **Pre-Petition Arrears** | | |
| 5/1/2015 to 3/1/2017 | Monthly interest only payment per Note @ $6,666.67 per month x 23 months | $153,333.41 |
| 5/11/2015 and for each monthly interest payment thereafter for a total of 23 months | Monthly late charge at 10% of overdue payment $666.67 x 23 months | $15,333.41 |
| 4/1/2017 | Principal Balance Balloon Payment | $806,666.67 |
| 4/11/2017 | Late charge on principal balance at 10% | $80,666.67 |
| 4/1/17 to 11/7/17 | Per Diem Interest on principal balance to up to Petition Date @ $291.2963 per day (13%) | $64,376.48 |
| Various | Foreclosure fees incurred through petition date | $10,794.34 |
| 8/21/17 to 11/7/17 | Pre-petition interest on advanced for foreclosure fees from date of advance @ $2.9985 per day (13%) | $307.94 |
| Various | Pre-petition attorneys' fees and costs | $8,787.26 |
| | **Total Pre-Petition Arrears** | **$1,140,266.18** |
| **Post-Petition Arrears** | | |
| 11/8/17 to 12/31/17 | Post-petition interest @ $291.2963 per day (or $8,738.89 /30 days) | $15,730.00 |
| 11/23/17 | Insurance Advance | $4,466.59 |
| 11/23/17 | Insurance Advance Fee 3% | $134.00 |
| 11/23/17 to 12/31/17 | Post-petition interest on insurance advance @ $1.613 per day (13%) | $62.91 |
| 11/9/17 to 12/31/17 | Post-petition interest on advance for foreclosure fees @ $2.9985 per day (13%) | $214.39 |
| | Post-petition attorneys' fees and costs (estimated) | $6,000.00 |
| | **Total Post-Petition Arrears** | **$26,607.89** |

| Date | Description | Amount Due to Movant |
|---|---|---|
| | **Total Secured Claim** | **$1,166,874.07** |

Per diem interest continues to accrue on the principal balance at $291.2963. In addition, per diem interest accrues on the foreclosure fees at the rate of $2.9985 and on the insurance advance at $1.613 per day for a total of $295.908 per day. Movant has incurred foreclosure fees of $10,794.34 and pre-petition attorneys' fees and costs of $8,787.26; said attorneys' fees and costs will increase due to bringing this Motion and other actions required in this bankruptcy case and the pending case of Victor Batinovich and are estimated at $6,000.00 at this time.

9. Movant does not have, nor has it been offered, adequate protection of its interest in the Subject Property. Victor Batinovich listed the Subject Property with a value of $2,270,766.00 as of October 26, 2017 in his bankruptcy schedules. Movant previously relied upon an appraisal of the Subject Property obtained by California Home Loans dated as of February 22, 2015 stating an appraised value in the amount of $2,300,000.00 when making its loan. For purposes of this Motion, Movant accepts the valuation offered by Victor Batinovich under penalty of perjury of $2,270,766.00.

10. On December 8, 2017, the Internal Revenue Service filed a priority claim for unpaid income taxes in the amount of $532,184.07, a true and correct copy of which is attached to the Banks Declaration as Exhibit "K" and is incorporated herein by reference.

II. LEGAL ARGUMENT

A. THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY FOR CAUSE INCLUDING LACK OF EQUITY.

Section 362(d)(1) of the Bankruptcy Code states the following with respect to a granting relief from stay for cause:

> "(d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (2) to this section, such as by terminating, annulling, modifying, or conditioning such stay -
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;"

11 U.S.C. §362(d)(1). The statute goes on to discuss that the court shall grant relief from stay under 11 U.S.C. §362(a)(2) in the following circumstances:

"(2) with respect to a stay of an act against property under subsection (a) of this section, if -
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization;"

11 U.S.C. §362(d)(2).

When all of the liens, both voluntary and involuntary, that are perfected against the Subject Property are considered, there is no equity for the Debtor. The liens consist of the following:

| Lien Claimant | Lien Amount |
|---|---:|
| County of Santa Clara Real Property Taxes | $12,748.24 |
| 1st –Wells Fargo Bank deed of trust | $448,959.97 |
| 2nd – Serterus/Fannie Mae deed of trust | $65,445.00 |
| 3rd – Tuttle (Movant) deed of trust | $1,166,874.07 |
| 4th – Wells Fargo Bank abstract (Victor) | $487,250.93 |
| 5th – IRS Tax Lien (Ann) | $73,178.58 |
| 6th – Dept. of Labor abstract (Victor) | $410,647.68 |
| 7th - State of California Tax Lien (Victor) | $38,030.54 |
| 8th – State of California Tax Lien (Ann) | $18,111.93 |
| **TOTAL SECURED DEBT** | **$2,721,246.94** |

Utilizing the fair market value offered by the Debtor's husband, Victor Batinovich in the Second Victor Batinovich Bankruptcy Case under penalty of perjury of $2,270,766.00, there is no equity available for the Debtor and her husband. In addition, Movant is informed and believes in light of the existing notices of default to the First and Second Lienholders that the Debtor and her husband are not making debt service payments to the senior lienholders and are not paying the real property taxes. In addition, the Debtor and her husband have failed to keep the Subject Property insured against losses by fire. All of these failures on the part of the Debtor and her husband have the effect of impairing the value of the collateral securing Movant's claim and are grounds for terminating the automatic stay, or at a minimum conditioning the automatic stay on adequate protection payments so that the value of Movant's collateral is not further eroded.

B. ALTERNATIVELY, THE CASE SHOULD BE DISMISSED BECAUSE THE DEBTOR DOES NOT QUALIFY TO BE IN CHAPTER 13.

11 U.S.C. §109(e) provides that:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 may be a debtor under chapter 13 of this title.

11 U.S.C. §109(e).

As demonstrated above by the same list of lien claimants, the Debtor does not qualify to be in chapter 13 due to an excess of liquidated, secured debts that exceed the limit imposed by statute.

Although the Wells Fargo Bank abstract in fourth position and the Department of Labor abstract in sixth position are only against Victor Batinovich, they were recorded in Santa Clara County and created a lien on the Subject Property which is titled as the community property of the Debtor and Victor Batinovich. The same is true of the State of California Tax lien against Victor Batinovich which is in seventh priority. Wells Fargo Bank, the Department of Labor and the State of California each hold "claims" in this case as that term is broadly defined in 11 U.S.C. §101(5)(A) which means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." [1] The entirety of the Subject Property is property of this bankruptcy estate pursuant to 11 U.S.C. §541(a)(2). Said liens therefore count against the total of secured claims in this case even though the Debtor may not have personal liability.

Moreover, because the Subject Property is held as community property, the entire Subject Property is property of the bankruptcy estate pursuant to 11 U.S.C. §541(a) and is subject to the

---

[1] Each of these lien claimants, like Movant, do not appear to have received notice of the commencement of this bankruptcy case by the Debtor. See Notice of Chapter 13 Bankruptcy Case and list of notice recipients which is included as part of docket #9 in this case. For the convenience of the Court, copies are included as Exhibit "N" to the Banks Declaration.

MOTION FOR RELIEF FROM AUTOMATIC STAY, FOR ADEQUATE PROTECTION
OR IN THE ALTERNATIVE FOR DISMISSAL
Page 13

jurisdiction of the Bankruptcy Court. The Debtor therefore is not free to ignore the abstracts and liens which are attributable only to her husband as these liens have attached to the entire Subject Property. With total secured debt against the Subject Property in excess of the statutory maximum under 11 U.S.C. §109(e) of $1,184,200, the Debtor does not qualify as a debtor under chapter 13. This bankruptcy case should therefore be dismissed.

In addition, the Internal Revenue Service has recently filed Proof of Claim #2 as a priority unsecured claim for unpaid income taxes in the amount of $532,184.07. This singular proof of claim puts the Debtor over the chapter 13 unsecured debt maximum under 11 U.S.C. §109(e) of $394,725. Once again, the Debtor does not qualify as a debtor under chapter 13. This bankruptcy case should therefore be dismissed.

C. IN GRANTING RELIEF FROM STAY, THE COURT SHOULD WAIVE THE PROVISIONS OF FRBP 4001(a)(3).

The Debtor and her husband have demonstrated a repeated propensity to cause delay concerning Movant and the Subject Property. Victor Batinovich filed two bankruptcy cases to halt trustee foreclosure sales of the Subject Property and in each bankruptcy case he sought extensions of time to file schedules. The first such case was dismissed due to failure to comply with the Court's order granting the extension and the second such case eventually resulted in termination of the automatic stay as a matter of statute, but not until after Victor Batinovich first attempted unsuccessfully to first extend the automatic stay and then seek injunctive relief. Victor Batinovich now wants to dismiss his chapter 11 case but will continue to benefit from the automatic stay in this, his wife's bankruptcy case, unless the automatic stay is terminated by the Court. The Debtor herein appears to be following a similar pattern, initially filing a chapter 13 when she doesn't qualify and then seeking repeated extensions of time to file her required pleadings. In short, the Debtor and her husband are "gaming" the Bankruptcy Court system. Movant meanwhile is genuinely concerned about the condition of the Subject Property and has taken appropriate steps to protect its collateral by making a substantial post-petition advance to preserve fire insurance

coverage. This Court should not allow the Debtor and her husband to gain yet an additional two weeks' time and should waive the provisions of FRBP 4001(a)(3) in granting relief to Movant so that Movant may conduct its foreclosure sale as quickly as possible.

III. CONCLUSION

WHEREFORE, Movant prays as follows:

A. For an Order granting relief from the automatic stay of 11 U.S.C. §362(a) to allow Movant to proceed with the sale of the Subject Property described above pursuant to the laws of the State of California, notwithstanding the provisions of California Civil Code §2924g(d);

B. To apply the proceeds from said sale against the obligations owing to Movant and to remit any balance after deducting their costs, expenses, fees, and obligations to the Bankruptcy Trustee;

C. To transfer title and possession of the Subject Property to the successful bidder at the Trustee's Sale including proceeding with any and all legal actions regarding recovery of possession of the Subject Property, in any court, including appeals;

D. For costs of suit herein, including, but not limited to, reasonable attorneys' fees; or

E. For adequate protection of Movant's security interest in said Subject Property; and,

F. For an Order waiving the fourteen (14) day period contained in Fed. R. Bankr. P. 4001(a)(3) as Movant would sustain irreparable injury or harm if it were not allowed to immediately proceed as requested herein;

G. Alternatively, for an order dismissing this bankruptcy case pursuant to 11 U.S.C. §109(e); and,

H. For such other and further relief as this Court deems just and proper.

Dated: December 13, 2017                BINDER & MALTER LLP


                                        By /s/ Julie Rome-Banks
                                        Julie H. Rome-Banks
                                        Attorneys for Movant