DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE #256514
NANETTE DUMAS #148261
JANE Z. BOHRER #243692
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

IN RE:

ANN BATINOVICH,

Debtor(s)

CHAPTER 13 CASE NO. 17-52709 SLJ

MOTION TO DISMISS CASE (PRE-CONFIRMATION) PURSUANT TO 11 U.S.C. §§1307(c) AND 109(e)

Hearing Date: None
Hearing Time: None
Judge: Hon. Stephen L. Johnson
Place: U.S. Bankruptcy Court
       280 S. First St., Room 3099
       San Jose, CA 95113

Devin Derham-Burk, Standing Chapter 13 Trustee ("Trustee"), submits the following Motion to Dismiss pursuant to 11 U.S.C. §1307(c) and §109(e) as follows:

1. The Debtor, Ann Batinovich ("Debtor") filed his Chapter 13 petition on November 8, 2017. Attorney Paul Seabrook is Debtor's counsel of record.

2. Devin Derham-Burk is the duly appointed Standing Chapter 13 Trustee in this matter (hereafter "Trustee").

3. The Debtor's Schedule D, filed December 15, 2017 [Docket #17], lists secured debts totaling $1,704,502.07.  A true and correct copy of the Debtor's Schedule D is attached to the Declaration of Devin L. Pace as Exhibit A, and is incorporated herein by this reference.

4. Eligibility is determined by the debts as they appear on the Debtor's schedules as long as the debts are liquidated and noncontingent.  <u>Scovis v. Henrichsen (In re Scovis)</u>, 249 F.3d 975 (9th Cir. 2001)  Whether the debts are disputed is irrelevant to the eligibility question.  <u>Mazzeo v. U.S. (In re Mazzeo)</u>, 131 F.3d 295 (2nd Cir. 1997), <u>Sylvester v. Dow Jones & Co. (In re Sylvester)</u>, 19 B.R. 671 (9th Cir. BAP 1982)  A motion to dismiss is appropriate if the debtor is not eligible for relief under Chapter 13.  See, Keith M. Lundin, Chapter 13 Bankruptcy, 3d ed. sec. 334.1, p.334-1 (2000 & Supp. 2004 & 2007) In this case, the Debtor lists liquidated, noncontingent secured debts of $1,704,502.07 which exceeds the secured portion of the §109(e) cap of $1,184,200, rendering the Debtor ineligible for Chapter 13 relief.

WHEREFORE, Devin Derham-Burk, the Standing Chapter 13 Trustee, respectfully requests that this Court dismiss this case without prejudice.

Respectfully submitted,

January 3, 2018

/s/ Devin L. Pace
Attorney for the Chapter 13 Trustee