MICHAEL W. MALTER, #96533
JULIE H. ROME-BANKS, #142364
DAVID B. RAO, #103147
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: michael@bindermalter.com
Email: julie@bindermalter.com
Email: david@bindermalter.com

Attorneys for Secured Creditor
Thomas P. Tuttle and Catherine M. Tuttle,
Trustees of The Tuttle 2000 Living Trust
dated 11/22/00

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In re:<br><br>ANN BATINOVICH,<br><br>Debtor. | Case No. 17-52709-SLJ<br><br>Chapter 13<br><br>Initial Confirmation Hearing<br>Date: January 10, 2018<br>Time: 9:55 a.m. |

## **OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**

Secured Creditor Thomas P. Tuttle and Catherine M. Tuttle, Trustees of The Tuttle 2000 Living Trust dated 11/22/00 ("Tuttle") hereby object to confirmation of the proposed Chapter 13 Plan proposed by Debtor Ann Batinovich ("Debtor") on the following grounds:

1. The Debtor together with her husband Victor Batinovich hold title to the real property located at 3085 Paseo Vista Avenue, San Martin, California ("Subject Property") as community property.

2. Tuttle holds a third position deed of trust against the Subject Property which was recorded on March 11, 2015. Said deed of trust secures a Note Secured by A Deed of Trust executed by both the Debtor and Victor Batinovich dated March 4,

OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN  PAGE 1

2015 in the original principal amount of $800,000.00. Said note was for a period of 24 months and provides for monthly interest only payments of $6,666.67 for a period of 23 months with a final payment due on April 1, 2017 of $806,666.67. The Debtor and Victor Batinovich represented under penalty of perjury to Tuttle that the purpose of said loan was to finance the business enterprise known as i2a Technologies, a corporation of which Victor Batinovich is the sole shareholder, CEO and member of the board of directors. True and correct copies of the Note, Deed of Trust and Certificate of Business Purpose of Loan executed by the Debtor and Victor Batinovich are attached hereto as Exhibits "A" through "C" respectively and are incorporated herein by reference. No payment was ever made on this obligation (pre- or post-petition). The Note Secured by Deed of Trust became fully matured pre-petition. The total amount currently due and owing to Tuttle under said Note Secured by Deed of Trust and deed of trust as of the Petition Date and as of December 31, 2017 is set forth in detail below as $1,166,874.07.

      3.     Tuttle objects to the proposed Chapter 13 Plan filed by the Debtor due to lack of feasibility.[1] The Plan is dependent upon the sale of the Subject Property generating sufficient proceeds to satisfy all liens in full. The Plan as presently drafted does not properly classify all secured claims therein; indeed certain tax claims are acknowledged to be secured claims but are treated as priority claims. Secured claims have been filed to date by the State of California Franchise Tax Board (claims #3 and #4) which are not addressed in the Plan. Tuttle is informed and believes that there are other claims that are secured by the Subject Property which claimants have not received proper notice of this bankruptcy case or of the Plan. These include a lien of the U.S. Department of Labor for an abstract of judgment recorded against Victor Batinovich in the matter styled as *Edward Hugler, Acting Sec. U.S. Dept. of Labor v. i2a Technologies, Inc. and Victor Batinovich*, Northern District of California, Case #3:15-cv-

---

[1] The chapter 13 plan was never served on creditors as of the date of this Objection.

OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN    PAGE 2
Case: 17-52709   Doc# 29   Filed: 01/03/18   Entered: 01/03/18 15:01:39   Page 2 of 5

04963-WHA, in the amount of $410,647.68 on September 9, 2016.  An abstract of said judgment was thereafter recorded against the Subject Property on April 17, 2017.  A true and correct copy of the Abstract of Judgment recorded by the Department of Labor is attached hereto as Exhibit "D".  Although the Debtor may not have personal liability for this judgment lien, the Subject Property remains subject to the judgment lien and therefore unless the lien claim is addressed through a properly filed chapter 13 plan, the Court cannot confirm a chapter 13 plan.  As such, the Abstract of Judgment is a "claim" in this case as that term is broadly defined in 11 U.S.C. §101(5)(A) which means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." [2] The entirety of the Subject Property is property of this bankruptcy estate pursuant to 11 U.S.C. §541(a)(2). Tuttle is informed and believes that the Subject Property is subject to an additional tax lien of Victor Batinovich, including a lien of the State of California.

4. There is no evidence that the Debtor has contacted a realtor or real estate broker to place the Subject Property on the market, or has any contact with potential purchasers.  There is no analysis offered as to the condition or marketability of the Subject Property, or the ability to complete a sale within the time frame suggested by the Plan.

5. Tuttle further objects on the grounds that the Debtor has failed to provide for any adequate protection payments to Tuttle until the sale of the Subject Property is completed.  This excludes Tuttle from repayment as contractually provided in Tuttle's note and deed of trust which have fully matured pre-petition.  In addition, the Debtor has failed to make payments for fire insurance post-petition, necessitating Tuttle to make advances under its Deed of Trust in order to protect its collateral.  The Debtor's

---

[2] These lien claimants, like Movant, do not appear to have received notice of the commencement of this bankruptcy case by the Debtor.  See Notice of Chapter 13 Bankruptcy Case and list of notice recipients which is included as part of docket #9 in this case.  For the convenience of the Court, copies are included as Exhibit "E" hereto.

OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN                                PAGE 3
Case: 17-52709    Doc# 29    Filed: 01/03/18    Entered: 01/03/18 15:01:39    Page 3 of 5

failure to make adequate protection payments to the other liens on the Subject Property also serves to diminish and erode any equity cushion that might otherwise exist to protect Tuttle's interest.

6. Based upon the Debtor's own bankruptcy schedules, she exceeds the secured debt limitations to qualify as a debtor in chapter 13 pursuant to 11 U.S.C. §109(e). Notwithstanding the fact that the Debtor has failed to include several secured claims, including the State of California which filed claims #3 and #4, the Debtor's schedule D filed on December 15, 2017 already listed secured debt in the total amount of $1,704,502.07. If the additional secured claims of the State of California which have been filed are added to this amount, the total secured claims exceeds $1,759,899.39. The statutory limit for secured claims by statute is only $1,184,200. The Debtor does not qualify to be in chapter 13 and therefore her chapter 13 plan cannot be confirmed.

7. The Plan has not been proposed in good faith as mandated by 11 U.S.C. §1325(a)(3) and the Debtor has not sought relief in good faith from this Court as required by 11 U.S.C. §1325(a)(6). This is the third bankruptcy case filed between the Debtor and her husband in an attempt to forestall foreclosure by their senior secured creditors, including Tuttle, Wells Fargo and Serterus all of which had pre-petition notices of default. Victor Batinovich first filed a chapter 13 petition as case #17-52027 which was dismissed due to failure to comply with the Court's order granting an extension of time to file required pleadings. A second bankruptcy case by Victor Batinovich under chapter 11 (case #17-52444) was then filed and eventually resulted in termination of the automatic stay as a matter of statute after 30 days, with Victor Batinovich unsuccessfully attempting to first extend the automatic stay and then seek injunctive relief against Tuttle. The Debtor is following a similar pattern, seeking additional time in this case to file her plan and schedules and now proposing a plan with a lengthy time during which the Debtor proposes to do nothing to pay her secured creditors and expects them to wait, placing the burden and risk of a sale on her secured creditors, including forcing Tuttle to obtain forced coverage fire insurance. The full

OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN   PAGE 4
Case: 17-52709   Doc# 29   Filed: 01/03/18   Entered: 01/03/18 15:01:39   Page 4 of 5

extent of claims secured by the Subject Property have not been disclosed to the Court and creditors by the Debtor, which Tuttle contends is evidence that the Debtor has not filed the petition in good faith. Tuttle contends that under the circumstances the Plan has not been proposed in good faith as required by the Bankruptcy Code.

8. To the extent not otherwise stated above, Tuttle joins in the amended objections to confirmation of the chapter 13 trustee including the Debtor's failure to file state and federal income tax returns for at least the last 3 tax years preceding the filing of this bankruptcy case as evidenced by Claim #2 of the Internal Revenue Service and Claim #3 of the State of California Franchise Tax Board. See 11 U.S.C. §1325(a)(9).

WHEREFORE, Tuttle respectfully requests that the Court deny confirmation to the Plan and that in light of the failure of the Debtor to qualify under 11 U.S.C. §109(e) that the case be dismissed.

Dated: January 3, 2018    BINDER & MALTER LLP

By /s/ Julie H. Rome-Banks
Julie H. Rome-Banks
Attorneys for Secured Creditor